The Chief Justice delivered the opinion of the court.
This case comes before us on a rule to shew cause why a report of referees made in favor of the defendant, should not be set aside, and was submitted without argument.
The objection to th'e report is, that the paper produced before the referees, purporting to be a copy of the rule of *100] reference, was *not a true copy, but variant; and that the referees went into an investigation of all matters in difference between the parties, whereas the reference was only of matters in difference in the action.
There is certainly a diversity between the original rule and the copy presented to the referees. The language of the former is that “ all matters in difference in the said cause be submittedof the latter “ that all matters in difference between the parties in the said cause be submitted.” But it would be entirely too strict; it would be losing the substance in search of the shadow, to set aside a report for a difference scarcely discernable, except by legal eyes, and which it is making no great presumption to suppose, was observed neither by the referees nor by the parties, who were unattended by counsel, unless indeed some practical injury has resulted to the plaintiff; unless some matters, not within the cause, were actually made the subjects of enquiry and adjudication by the referees. In the deposition of one of the referees there is a general expression that, they went into an examination, and carefully examined into all matters in difference between the parties. But this expression is ^plainly consistent and reconcileable with an examination only of the matters in difference in the cause; for there may have been none other, and is therefore of itself entirely too equivocal to sustain an objection to the report. All uncertainty on this point is, however, dispelled *127 by looking further into the deposition. The referee gives a general statement of the subjects of their examination. He says, “ We went into an examination of the various items contained in the set off.” And again, “ We proceeded to examine the accounts between the plaintiff and defendant, as exhibited and set forth in the set off.” These, and not the demand of the plaintiff in the action, seem to have been the real and only subjects of controversy. It appears by the deposition, that the referees received in evidence some receipts given by Brazure Westcott, and also proof of articles sold to him by the executor, at the vendue of the estate. It cannot, however, with propriety be urged, that Brazure Westcott was not a party, and that these matters, therefore, were not in difference in the cause. For the claim stated in the notice of set off is chiefly for payments made and articles sold and delivered to Brazure Westcott; and, moreover, the action is brought for a personal legacy bequeathed to the plaintiff by her father, she then being the wife *of Brazure Westcott, and so continuing for some [*101 time after her father’s decease, although become a widow before the commencement of the suit. Whether these matters wore properly allowed by the referees, we are not called to examine and decide. It is enough for the present occasion, to find, as is manifest, that they were in difference in the cause.
The reason assigned is not sufficient to affect the report.